*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* VUOCOLO Minors.

UNPUBLISHED
January 23, 2020

Nos. 349237; 349238
Arenac Circuit Court
Family Division
LC No.   18-013862-NA

Before:  CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

In these consolidated appeals, respondents appeal as of right the trial court's orders terminating their parental rights to their minor children under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j).  For the reasons set forth below, we affirm.

## I.  BACKGROUND

In April and May 2018, Children's Protective Services (CPS) investigated a report of substance abuse and domestic violence in the home where respondents and their two children lived.  On three separate visits, the CPS workers found the home in a "deplorable" condition, with piles of clothing, toys, trash, and other items throughout the house and on the staircase.  The trial court asserted jurisdiction based on respondents' pleas of admission, largely relating to the condition of the home.  The trial court ordered respondents to complete psychological evaluations, participate in therapy and other rehabilitative services, and establish suitable housing.  Neither respondent made substantial progress.  Respondent-mother was offered mental-health treatment and prescribed medications to treat her serious mental illness, but she failed to attend various appointments and did not consistently take her prescribed medications.  Respondent-father tested positive for illegal substances.  He claimed to be self-employed, but failed to document his income.  Because of respondents' lack of progress with their treatment plans, petitioner filed a supplemental petition to terminate their parental rights.  Following a hearing in May 2019, the trial court granted the petition and terminated both respondents' parental rights to the minor children.

This appeal followed.  Neither petitioner nor the minors' guardian ad litem has appeared in these consolidated cases or filed a brief in support of the termination of rights.

-1-

## II. ANALYSIS

### A. DOCKET NO. 349237

In his sole issue on appeal, respondent-father argues that the trial court improperly exercised jurisdiction with respect to him because his admissions offered in support of his plea did not establish factual support for a finding of jurisdiction. This argument is without merit.

After the trial court exercised jurisdiction pursuant to respondent-father's plea of admission, respondent-father never moved to withdraw his plea or otherwise challenge the trial court's exercise of jurisdiction. Therefore, this issue is unpreserved. This Court reviews for plain error unpreserved "adjudication errors raised after the trial court has terminated parental rights." *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019).

Pleas of admission or no contest are governed by MCR 3.971. "The court shall not accept a plea of admission or of no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent unless the offer is to plead no contest." MCR 3.971(D)(2). Petitioner sought jurisdiction under MCL 712A.2(b)(1), which provides that a trial court has jurisdiction over a minor whose parent, "when able to do so, neglects or refuses to provide proper or necessary support . . . or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents . . . or who is without proper custody or guardianship."

Although respondent-father argues that our Supreme Court's decisions in *In re Ferranti* and *In re Mitchell*, 485 Mich 922; 773 NW2d 663 (2009), support his request for appellate relief, those cases involved respondents who failed to enter pleas knowingly because they were not adequately advised of their rights or the consequences of their pleas. In this case, respondent-father does not challenge the adequacy of the trial court's advice of rights or the advice regarding the consequences of his plea. Instead, he argues that his admissions offered at the plea hearing did not establish a factual basis for finding a statutory ground for jurisdiction. Therefore, *In re Ferranti* and *In re Mitchell* are inapposite.

Respondent-father's admissions pertained to the deplorable conditions of the home in which the children were living. The trial court admitted photographs of the home into evidence at the plea hearing. Respondent-father does not dispute that the conditions of the home as depicted in the photographs showed that the children were not receiving proper care, nor does he dispute that the conditions in the home support a finding of jurisdiction under MCL 712A.2(b)(1). Instead, respondent-father claims that his factual admissions did not support a finding of jurisdiction because he stated that he was not personally present at the home on May 3, 2018. Respondent-father argues that he could not have knowingly neglected his children because he lacked personal knowledge of the conditions in the home. This argument is without merit.

The trial court understood that respondent-father denied having personal knowledge of the condition of the house on May 3, 2018, and it further understood that his admission was based on the photographs of the home taken that day. Respondent-father did not argue at the

plea hearing, and he does not argue on appeal, that the photos were inaccurate or that he was unable to identify the family home from the photos. Moreover, respondent-father's plea of admission was also based on the condition of the home on April 26, 2018. Respondent-father did not deny having personal knowledge of the condition of the home on that date, and he admitted that the condition of the home on that date was "unacceptable."

Respondent-father also argues that the trial court should have known that he could not have had personal knowledge of the condition of the home on May 3, 2018 because the same judge who accepted his plea had previously issued a personal-protection order that prevented him from having contact with respondent-mother, and therefore prevented him from being present in the home. MCR 3.971(D)(2) does not require a trial court to ascertain independently the credibility of a respondent's admissions offered in support of a plea. Having admitted that the photographs accurately represented the condition of the home on April 26, and having agreed that the home was in "unacceptable condition," respondent-father cannot now impeach his own admissions on the ground that the trial court should have scrutinized the accuracy and truthfulness of his admissions more closely.

Moreover, MCR 3.971(D)(2) requires the trial court to establish support "for a finding that one or more of the statutory grounds alleged in the petition are true, *preferably* by questioning the respondent." (Emphasis added.) Therefore, the trial court was not limited to respondent-father's answers in finding that the statutory grounds alleged in the petition were true. Respondent-father's admissions, coupled with photographic evidence and respondent-father's agreement that the children were living in a home that was in an "unacceptable condition," were sufficient to support a finding that a statutory basis for jurisdiction existed under MCL 712A.2(b)(1). Notably, when considering admissions offered in support of a plea, a factual basis for the plea will exist if an inculpatory inference can be drawn from what the witness admitted, even if an exculpatory inference can also be drawn. See *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011). Accordingly, the trial court did not err in relying on respondent-father's admissions to find a factual basis for exercising jurisdiction over the children.

### B. DOCKET NO. 349238

### 1. REUNIFICATION SERVICES

Respondent-mother argues that petitioner failed to comply with its statutory duty under MCL 712A.19a(2) to provide reasonable services to reunify her with her children. She also claims that petitioner violated the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.*, by failing to provide services to accommodate her mental illness. Because respondent-mother did not raise any issue involving services in the trial court or otherwise challenge the adequacy of services provided, the claims are not preserved for appellate review. *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). We review unpreserved claims of error for plain error affecting substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).

The ADA does not provide a defense to proceedings to terminate parental rights. *In re Terry*, 240 Mich App 14, 24-25; 610 NW2d 563 (2000). The ADA does, however, require

petitioner to accommodate a disabled parent reasonably in the provision of services to achieve reunification and avoid termination of parental rights. *In re Hicks*, 500 Mich 79, 86; 893 NW2d 637 (2017). Petitioner's obligations under the ADA dovetail with its affirmative duty under Michigan's Probate Code to make reasonable efforts to reunify a family before seeking termination of parental rights. *Id.* at 85-86. Failure to make reasonable efforts toward reunification may prevent petitioner from establishing statutory grounds for termination. *In re Newman*, 189 Mich App 61, 65-68; 472 NW2d 38 (1991). But if a parent is simply unable to meet the needs of her child, then "the needs of the child must prevail over the needs of the parent." *In re Terry*, 240 Mich App at 28 (cleaned up).

The record discloses that petitioner was aware of respondent-mother's mental illness and understood that her condition presented a barrier to reunification. Petitioner therefore included mental-health treatment as part of respondent-mother's treatment plan. Despite petitioner's efforts to provide mental-health treatment, respondent-mother's compliance with this treatment was poor. She did not consistently attend her appointments. Moreover, petitioner arranged for a psychological evaluation that might have provided additional information on respondent-mother's treatment options, but she failed to complete the evaluation. She also did not follow her prescribed medication regimen, and instead attempted to self-medicate with an herbal substance. Respondent-mother does not identify any additional services that she believes petitioner could have offered to improve her likelihood of succeeding at reunification. Although she states that petitioner should have given her more time to make progress, she does not offer any estimate of how much time she needed. Her request for an open-ended treatment period when she showed no commitment to following the treatment plan in place ignores the needs of her children. For these reasons, respondent-mother has not demonstrated that petitioner failed to comply with its statutory obligation to make reasonable efforts at reunification, or that its provision of services on account of her mental illness violated the ADA.

## 2. EFFECTIVE ASSISTANCE OF COUNSEL

Respondent-mother also argues that her trial counsel was ineffective for failing to object to the adequacy of services and request further accommodation of her mental illness, and for failing to pursue civil-commitment proceedings to force her to undergo treatment. "The principles applicable to claims of ineffective assistance of counsel in the arena of criminal law also apply by analogy in child protective proceedings." *In re Martin*, 316 Mich App 73, 85; 896 NW2d 452 (2016). Accordingly, because respondent-mother did not raise the issue of ineffective assistance of counsel or request a *Ginther* hearing in the trial court, our review of this issue "is limited to mistakes apparent from the record." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). To establish ineffective assistance of counsel, "it must be shown that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent." *In re Martin*, 316 Mich App at 85.

As indicated earlier, the record discloses that mental-health treatment was part of respondent-mother's treatment plan. The evidentiary record is silent regarding what additional accommodations might have improved respondent-mother's opportunity to achieve reunification with her children. Although respondent-mother argues that her counsel was ineffective for not pursuing involuntary commitment, the record is silent regarding whether there was a factual

basis for involuntary hospitalization under MCL 330.1434. Accordingly, there is no basis for finding that either of these alleged omissions constituted an objectively unreasonable error.

Affirmed.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle